UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

ROOSEVELT MCCOY,

                           Plaintiff,

                    -against-

CITY OF NEW YORK; Detective KEVIN
DESORMEAU, Shield No. 3787; Police Officer
SASHA NEVE, Shield No. 514; and JOHN and
JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                        Defendants.

-------------------------------------------------------------x

**COMPLAINT**

Jury Trial Demanded

16 CV 1636

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of

plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States, and Section 14-151 of the Administrative Code of the City of New York.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331,

1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.      This Court has supplemental jurisdiction over the New York City claims pursuant to 28 U.S.C. § 1367.

<u>JURY DEMAND</u>

6.      Plaintiff demands a trial by jury in this action.

<u>PARTIES</u>

7.      Plaintiff Roosevelt McCoy is a resident of Queens County in the City and State of New York.

8.      Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.      Defendant Detective Kevin Desormeau, Shield No. 3787 ("Desormeau"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Desormeau is sued in his individual and official capacities.

10.      Defendant Police Officer Sasha Neve, Shield No. 514 ("Neve"), at all times relevant herein, was an officer, employee and agent of the NYPD. Upon

information and belief, at the time of plaintiff's arrest, defendant Neve was known as Sasha Cordoba. Defendant Neve is sued in her individual and official capacities.

11.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13.    At all times relevant herein, all individual defendants were acting under color of state law.

<u>STATEMENT OF FACTS</u>

14.    At approximately 6:55 p.m. on August 28, 2014, Mr. McCoy was lawfully present inside Yogi's Restaurant, located at 108-26 Guy R. Brewer Boulevard in Jamaica, New York.

15.    Mr. McCoy was playing pool when defendants Desormeau and Neve entered the restaurant and ordered him to come outside; Mr. McCoy complied.

16.     Once they had him outside, the defendants subjected Mr. McCoy to an illegal search.

17.     No contraband was recovered from Mr. McCoy.

18.     Even though they lacked arguable probable cause to do so, the officers handcuffed Mr. McCoy and falsely arrested him.

19.     The officers brought Mr. McCoy to a police precinct and unlawfully strip-searched him.

20.     Again, nothing illegal was recovered.

21.     At the precinct, the officers falsely informed employees of the Queens County District Attorney's office that they had observed Mr. McCoy sell drugs and had recovered drugs from Mr. McCoy during their search of him outside the restaurant.

22.     In reality, the officers never observed Mr. McCoy sell drugs, Mr. McCoy had not sold drugs, and no drugs had been recovered from him.

23.     In their effort to initiate criminal proceedings against Mr. McCoy, the defendants fabricated a variety of evidence, including an arrest report and property vouchers.

24.     Defendant Desormeau perjured himself in a sworn criminal complaint, before a grand jury and at a suppression hearing.

25.     Surveillance video from Yogi's restaurant establishes the falsehood of the

officers' account.

26.    Mr. McCoy was taken from the precinct to Queens Central Booking.

27.    Based on the evidence fabricated by the officers, Mr. McCoy was arraigned on felony charges of drug possession with intent to sell and bail was imposed.

28.    Mr. McCoy was unable to post bail and was held on Rikers Island for approximately two months.

29.    Based on the false testimony of the officers, Mr. McCoy was indicted and prosecuted until March 15, 2016, when all of the criminal charges were dismissed in their entirety.

30.    Upon information and belief, defendants took law enforcement action with regard to Mr. McCoy based solely on his actual and/or perceived color and/or race.

31.    Mr. McCoy suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

32.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

34.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

35.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Federal Malicious Prosecution

38.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his

constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

40.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

41.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial of Constitutional Right to Fair Trial

42.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.     The individual defendants created false evidence against plaintiff.

44.     The individual defendants forwarded false evidence to prosecutors in the Queens County District Attorney's office.

45.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

46.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse of Process

47.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.     The individual defendants issued legal process to place plaintiff under arrest.

49.     The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to obtain overtime, meet arrest quotas and/or advance their careers.

50.     The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

51.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Unlawful Strip Search

52. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

53. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

54. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure to Intervene

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

57. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Bias-Based Profiling

59.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60.    In initiating law enforcement action against Mr. McCoy based on his actual and/or perceived race and/or color rather than Mr. McCoy's behavior or other information linking him to suspected unlawful activity the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

61.    Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## NINTH CLAIM
### *Monell*; Supervisory Liability

62.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.    Defendant City, through the NYPD and its officers, has a policy and/or practice of fabricating evidence for the purposes of obtaining overtime pay, meeting arrest quotas and advancing the career prospects of police officers and detectives.

64.     As part of this policy and/or practice, City employees routinely – as in this case – falsely report the recovery of contraband from criminal suspects and falsely attribute criminal conduct to law abiding citizens.

65.     This policy and practice was a moving force behind plaintiff's injuries in this case.

66.     In addition, the supervisors of defendants Desormeau and Neve are liable for failing to appropriately oversee and audit their conduct with respect to the planting of evidence and the making of false official statements.

67.     The John and Jane Doe supervisors knew or should have known that defendant Desormeu and Neve's conduct threatened the constitutional rights of citizens including Mr. McCoy, but recklessly failed to act.

68.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated:     April 4, 2016
           New York, New York

HARVIS & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*