

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ALEXANDRA CORSI<br>*Senior Counsel*<br>Phone: (212) 356-2340<br>Fax: (212) 356-3509<br>Email: acorsi@law.nyc.gov |

April 25, 2016

BY ECF
Honorable Vera M. Scanlon
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re: Roosevelt McCoy v. City of New York, et al.,
           16 CV 1636 (AMD) (VMS)

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. I am writing with the consent of plaintiff's counsel, Gabriel Harvis, Esq., to respectfully request a sixty day enlargement of time, from April 27, 2016 to June 27, 2016, within which the City may answer or otherwise respond to plaintiff's complaint. This is defendant City's first request for an enlargement of time.

      By way of background, plaintiff Roosevelt McCoy alleges, *inter alia*, that on August 28, 2014, he was falsely arrested by members of the New York City Police Department and thereafter maliciously prosecuted. Plaintiff further claims that, as a result of his arrest and prosecution, he remained in custody, on Rikers Island, for approximately two months, and that, on March 15, 2016, all criminal charges brought against him on this case were dismissed. In addition to the City, plaintiffs purport to name Detective Kevin Desormeau and Police Officer Sasha Neve as defendants.

      Before this office can adequately respond to the complaint, and in accordance with this office's obligations under Rule 11 of the Federal Rule of Civil Procedure, we will need time to conduct an investigation into the allegations of the complaint. As such, the requested enlargement of time will allow this office time to procure adequate information to respond to the complaint, such as the underlying police, criminal court, and District Attorney's Office records. It is our understanding that police and criminal prosecution records are sealed pursuant to New

York Criminal Procedure Law § 160.50, and, as plaintiff's counsel has already provided the relevant §160.50 release to this office, this office is currently in the process of attempting to procure and thereafter review the relevant documents.

Additionally, the undersigned is informed by plaintiff's counsel that individually named defendant, Detective Kevin Desormeau, was served with process in this case on or about April 20, 2016, however, proof of service is not yet indicated on the docket sheet. To that end, this office has not yet discussed with Detective Desormeau the manner of service, and we make no representation herein as to the adequacy of service upon him. Assuming that Detective Desormeau was properly served, however, this enlargement will also allow this office time to conduct an inquiry to determine whether it will represent him in this action. See General Municipal Law § 50(k); Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). As this office has not yet discussed representation with Detective Desormeau, this request for an extension of time is not made on his behalf, however, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of all defendants.[1]

Accordingly, defendant City respectfully requests that the it's time to answer or otherwise respond to the complaint be extended until June 27, 2016. Thank you for your consideration regarding the within request.

Respectfully submitted,

/s/

Alexandra Corsi
Senior Counsel
Special Federal Litigation Division

cc: Gabriel P. Harvis, Esq. (by ECF)
Attorney for Plaintiff

---

[1] Upon information and belief, and upon a review of the docket sheet in this matter, the additionally named individual defendant, Officer Sasha Neve, has not yet been served with process in this case. For the same reasons as set forth above, this office respectfully requests that, to the extent purported defendant Officer Neve is properly served during the relevant 60-day period, we would hope that the court may, *sua sponte*, extend the time to answer on behalf of her as well.