UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROOSEVELT MCCOY,

                              Plaintiff,                    16 CV 1636 (AMD) (VMS)

                -against-

THE CITY OF NEW YORK, Detective KEVIN
DESORMEAU, Shield No. 37871 ; Police Officer SASHA
NEVE, Shield No. 514; and JOHN and JANE DOE 1
through 10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                                Defendants.

------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF THE OFFICE OF CORPORATION COUNSEL'S REQUEST TO WITHDRAW AS COUNSEL FOR DETECTIVE KEVIN DESORMEAU AND DETECTIVE SASHA NEVE

### PRELIMINARY STATEMENT

        Plaintiff Roosevelt McCoy, by his attorney Gabriel P. Harvis, Esq., brings this action against the defendants City of New York, Detective Kevin Desormeau, and Detective Sasha Neve alleging violations of certain constitutional rights. Specifically, plaintiff alleges, *inter alia*, that as related to his August 28, 2014 arrest, he was unlawfully stopped and searched and falsely arrested. Plaintiff further claims that he was subsequently maliciously prosecuted and denied the right to a fair trial as related to that arrest. For the reasons set forth below, the Office of Corporation Counsel (hereinafter "Corporation Counsel") requests to be relieved as counsel for pursuant to Section 50-k of the New York General Municipal Law.

## **STATEMENT OF FACTS**

On or about April 4, 2016, plaintiff filed a complaint in the Eastern District of New York. (See Civil Docket Sheet, attached to the Declaration of Alexandra Corsi dated August 25, 2016 ("Corsi Decl."), as Exhibit A, at Entry No. 1). In the complaint, plaintiff alleges, *inter alia*, that as related to his August 28, 2014 arrest, he was unlawfully stopped and searched and falsely arrested. (See Complaint, attached to the Corsi Decl. as Exhibit B). Plaintiff further claims that he was subsequently maliciously prosecuted and denied the right to a fair trial as related to that arrest. (Id.).

On or about April 20, 2016, Detective Kevin Desormeau was served with process in this action. (See Corsi Decl., Exhibit A at Entry No. 7). On or about May 6, 2016, a Notice of Lawsuit and Request for a Waiver of Service was mailed to Detective Sasha Neve and Senior Counsel Alexandra Corsi. (See Corsi Decl., Exhibit A at Entry No. 9). Subsequently, on or about June 2, 2016, Corporation Counsel assumed representation of Detective Desormeau, and, on or about June 8, 2016, Corporation Counsel assumed representation of Detective Neve. On June 10, 2016, defendants City of New York, Detective Desormeau and Detective Neve, by their attorney Zachary W. Carter, Corporation Counsel, filed an answer to the complaint. (See Answer, attached to Corsi Decl., as Exhibit C).

In June 2016, Corporation Counsel became aware of information indicating that it could no longer meet the requisite findings under Section 50-k of the New York General Municipal Law. (See Corsi Decl. at ¶ 6). As such, by letters dated July 14, 2016, this Office informed Detective Desormeau and Detective Neve of its intention to move before the Court to be relieved as their counsel. (See Corsi Decl. at ¶ 7).

## POINT I

### THE OFFICE OF THE CORPORATION COUNSEL SHOULD BE GRANTED LEAVE TO BE RELIEVED AS COUNSEL FOR DETECTIVE DESORMEAU AND DETECTIVE NEVE

Under Section 50-k(2) of New York's General Municipal Law, at the request of an employee, the City shall provide defense in any civil action "arising out of any alleged act or omission which the Corporation Counsel finds occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred." N.Y. Gen. Mun. §50-k(2). However, Section 50-k(4) states that the City's duty to defend the employee is contingent upon "the full cooperation of the employee." N.Y. Gen. Mun. §50-k(4). The statute also provides that "[i]n the event that the corporation counsel shall assume an employee's defense and thereafter the employee fails to or refuses to cooperate in the formation or presentation of his defense, the court shall permit the corporation counsel to withdraw his representation ten days after giving written notice to the employee of his intention to discontinue such representation." Id. Detectives Kevin Desormeau and Sasha Neve are currently employed by the New York City Police Department as detectives and fall within the meaning of "employee" as provided by Section 50-k of New York's General Municipal Law. However, Corporation Counsel has now determined that Detective Desormeau and Detective Neve cannot meet the requisite finding under §50-k for this office to continue its representation of them in this matter.

In lawsuits brought under 42 U.S.C. § 1983, such as the instant case, "the Corporation Counsel must represent the City, and it may elect to represent individual employees, so long as the Corporation Counsel is satisfied that the employees were acting within the scope

3

of their employment and there is no ethical conflict of interest" between the City of New York and the individually named defendants. Floyd v. City of New York, 302 F.R.D. 69, 94 (S.D.N.Y. 2014). Corporation Counsel decides whether the requirements of Section 50-k are met. "Under the statutory framework, the Corporation Counsel determines if the employee's conduct is covered by GML § 50-k." Gansas v. City of New York, 15-CV-0601 (ERK), 2006 U.S. Dist. LEXIS 96452, *2 (E.D.N.Y. July 21, 2006). See also Williams v. City of New York, 64 N.Y.2d 800, 802 (1985) (Whether an employee is "entitled to representation by the Corporation Counsel and indemnification by the City are to be determined in the first instance by the Corporation Counsel […] and his determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious.") If Corporation Counsel determines at any point during the litigation that Section 50-k cannot be satisfied, the statute permits Corporation Counsel to withdraw its representation of the City employee. "In the event that the corporation counsel shall assume an employee's defense and thereafter the employee fails to or refuses to cooperate in the formation or presentation of his defense, the court shall permit the corporation counsel to withdraw his representation ten days after giving written notice to the employee of his intention to discontinue such representation." N.Y. Gen. Mun. § 50-k(4).

Here, Corporation Counsel has determined that it can no longer make the requisite findings under General Municipal Law 50-k in regards to its representation of Detective Desormeau or Detective Neve. Therefore, Corporation Counsel respectfully requests that the Court grant its motion to withdraw as counsel for Detective Desormeau and Detective Neve.[1]

---

[1] While the Office of the Corporation Counsel will still represent defendant City of New York in the present matter, due to the conflict of interest causing the present motion, Senior Counsel Alexandra Corsi can no longer represent defendant City of New York in this case. As such, the Continued…

## CONCLUSION

WHEREFORE, the Office of Corporation Counsel, attorneys for defendant City of New York, respectfully requests that this Court issue an order granting its request to be relieved as counsel for Detective Desormeau and Detective Neve, and for such other and further relief as may be just, proper and equitable.

Dated: New York, New York
       August 25, 2016

                ZACHARY W. CARTER
                Corporation Counsel of the
                City of New York
                *Attorney for Defendants City of New York, Det. Desormeau, & Det. Neve*
                100 Church Street
                New York, New York 10007
                (212) 356-2340

By: _/s/ Alexandra Corsi_
      Alexandra Corsi
      Senior Counsel

To:   Gabriel Harvis, Esq.  (By ECF & Hand Delivery)
      *Attorney for Plaintiff*
      305 Broadway, 14th Floor
      New York, New York 10007

      Detective Kevin Desormeau (By Hand Delivery)
      New York City Police Department
      Housing Borough Manhattan
      2768 Frederick Douglass Blvd., 5th Floor
      New York, New York 10039

---

defense of the City of New York in this matter will be transferred to another attorney within this office.

Detective Sasha Neve (By Hand Delivery)
New York City Police Department
Quartermaster Section
51-02 59th Street
Woodside, New York 11377

James Moschella, Esq. (By Hand Delivery)
Karasyk & Moschella, LLP
225 Broadway, 32nd Floor
New York, New York 10007

John Arlia, Esq. (By Hand Delivery)
Wenger & Arlia
20 Vesey Street, Suite 210
New York, New York 10007