UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ROOSEVELT MCCOY,

                                 Plaintiff,

              -against-

CITY OF NEW YORK; Detective KEVIN
DESORMEAU, Shield No. 3783; Police Officer
SASHA NEVE, Shield No. 514; and JOHN and
JANE DOE 1 through 10, individually and in their
official capacities (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

                            Defendants.

------------------------------------------------------------ x

16 CV 1636 (AMD) (VMS)

**ANSWER TO THE FIRST
AMENDED COMPLAINT
ON BEHALF OF DEFENDANT
DETECTIVE SASHA NEVE**

Defendant, SASHA NEVE, shown here as "Police Officer SASHA NEVE" by her

attorneys, KARASYK & MOSCHELLA, LLP, as and for an Answer to Plaintiff's First

Amended Complaint, respectfully sets forth as follows:

       1.       Denies the allegations contained in paragraphs 1 and 2 of the Complaint, except

admits that Plaintiff purports to bring this action as stated therein.

       2.       Denies the allegations contained in paragraph 3 of the Complaint, except admits

that Plaintiff purports to invoke the jurisdiction of this court as stated therein.

       3.       Denies the allegations contained in paragraph 4 of the Complaint, except admits

only that Plaintiff purports to base venue as stated therein.

       4.       Denies the allegations contained in paragraph 5 of the Complaint, except admits

that Plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

JURY DEMAND

5.      Paragraph 6 of the Complaint contains a demand for a trial by jury, to which no response is required.

PARTIES

6.      Denies knowledge or information sufficient to form a belief as to paragraph 7 of the Complaint.

7.      Denies the allegations contained in paragraph 8 of the Complaint, except admits that the City of New York is a municipal corporation organized under the laws of the State of New York, that the City of New York maintains a police department, and respectfully refers the Court to the New York City Charter, the Administrative Code, and other applicable provisions of law for a recitation of the relationship between Defendant City and the New York City Police Department ("NYPD") and the City's responsibilities incident thereto.

8.      Denies knowledge or information sufficient to form a belief as to paragraph 9 of the Complaint.

9.      Denies the allegations contained in paragraph 10 of the Complaint, except admits that, on or about August 28, 2014, Sasha Neve was employed by the City of New York as a Detective and that Plaintiff purports to bring this action against Detective Neve as stated therein.

10.     Denies knowledge or information sufficient to form a belief as to paragraph 11 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to paragraph 12 of the Complaint, except admits only that Plaintiff purports to sue the John and Jane Doe Defendants as set forth therein.

12.     Denies knowledge or information sufficient to form a belief as to paragraph 13 of the Complaint, and further states that the allegations concerning whether the individual

Defendants were "acting under color of state law" is a conclusion of law to which no response is required.

FACTUAL ALLEGATIONS

13.     Denies the allegations contained in paragraph 14 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to paragraph 15 of the Complaint, except admits that, on or about August 28, 2014, Plaintiff was lawfully approached by Detective Neve.

15.     Denies the allegations contained in paragraphs 16 and 17 of the Complaint.

16.     Denies the allegations contained in paragraph 18 of the Complaint, except admits that, on or about August 28, 2014, Plaintiff was handcuffed subject to a lawful arrest.

17.     Denies the allegations contained in paragraph 19 of the Complaint, except admits that subject to plaintiff's August 28, 2014 lawful arrest, Plaintiff was transported to a police precinct.

18.     Denies the allegations contained in paragraphs 20, 21, 22, 23, 24, and 25 of the Complaint.

19.     Admits the allegations contained in paragraph 26 of the Complaint, insomuch that pursuant to plaintiff's lawful arrest on August 28, 2014, he was transported to Queens Central Booking.

20.     Denies the allegations contained in paragraph 27 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to paragraph 28 of the Complaint.

22.     Denies the allegations contained in paragraph 29 of the Complaint, except admits that Plaintiff was indicted on charges related to his lawful arrest on August 28, 2014.

23.     Denies the allegations contained in paragraphs 30, 31, 32, 33, and 34 of the Complaint.

### ANSWERING THE FIRST CLAIM

24.     Defendant, answering paragraph 35, repeats and realleges all of her responses with full force and effect as if fully set forth herein.

25.     Denies the allegations contained in paragraphs 36 and 37 of the Complaint.

### ANSWERING THE SECOND CLAIM

26.     Defendant, answering paragraph 38, repeats and realleges all of her responses with full force and effect as if fully set forth herein.

27.     Denies the allegations contained in paragraphs 39 and 40 of the Complaint.

### ANSWERING THE THIRD CLAIM

28.     Defendant, answering paragraph 41, repeats and realleges all of her responses with full force and effect as fully set forth herein.

29.     Denies the allegations contained in paragraph 42 of the Complaint, and further states that the allegations concerning whether the Defendant was "acting under color of state law" is a conclusion of law to which no response is required, and respectfully refers all questions of law to the court for future consideration.

30.     Denies the allegations contained in paragraphs 43 and 44 of the Complaint.

### ANSWERING THE FOURTH CLAIM

31.     Defendant, answering paragraph 45, repeats and realleges all of her responses with full force and effect as fully set forth herein.

32.     Denies the allegations contained in paragraphs 46, 47, and 48 of the Complaint.

33.     Denies knowledge or information sufficient to form a belief as to paragraph 49 of the Complaint.

34.     Denies the allegations contained in paragraph 50 of the Complaint, except the City of New York as an employer of the Defendant is responsible under the doctrine of *respondeat superior*.

35.     Denies the allegations contained in paragraph 51 of the Complaint.

## ANSWERING THE FIFTH CLAIM

36.     Defendant, answering paragraph 52, repeats and realleges all of her responses with full force and effect as fully set forth herein.

37.     Denies the allegations contained in paragraphs 53, 54, 55, and 56 of the Complaint.

## ANSWERING THE SIXTH CLAIM

38.     Defendant, answering paragraph 57, repeats and realleges all of her responses with full force and effect as fully set forth herein.

39.     Denies the allegations contained in paragraphs 58, 59, and 60 of the Complaint.

## ANSWERING THE SEVENTH CLAIM

40.     Defendant, answering paragraph 61, repeats and realleges all of her responses with full force and effect as fully set forth herein.

41.     Admits the allegations contained in paragraph 62 of the Complaint.

42.     Denies the allegations contained in paragraphs 63, 64, and 65 of the Complaint.

## ANSWERING THE EIGHTH CLAIM

43.     Defendant, answering paragraph 66, repeats and realleges all of her responses with full force and effect as fully set forth herein.

44.     Denies the allegations contained in paragraphs 67, 68, 69, 70, and 71 of the Complaint as they may relate to Defendant Neve.

## ANSWERING THE NINTH CLAIM

45.  Defendant, answering paragraph 72, repeats and realleges all of her responses with full force and effect as fully set forth herein.

46.  Denies the allegations contained in paragraphs 73, 74, 75, and 76 of the Complaint.

## ANSWERING THE TENTH CLAIM

47.  Defendant, answering paragraph 77, repeats and realleges all of her responses with full force and effect as fully set forth herein.

48.  Denies the allegations contained in paragraphs 78 and 79 of the Complaint.

49.  Denies the allegations contained in paragraph 80 of the Complaint, except the City of New York as an employer of the Defendant is responsible under the doctrine of *respondeat superior*.

50.  Denies the allegations contained in paragraph 81 of the Complaint.

## ANSWERING THE ELEVENTH CLAIM

51.  Defendant, answering paragraph 82, repeats and realleges all of her responses with full force and effect as fully set forth herein.

52.  Denies the allegations contained in paragraphs 83 and 84 of the Complaint.

## ANSWERING THE TWELFTH CLAIM

53.  Defendant, answering paragraph 85, repeats and realleges all of her responses with full force and effect as fully set forth herein.

54.  Denies the allegations contained in paragraphs 86, 87, and 88 of the Complaint.

## ANSWERING THE THIRTEENTH CLAIM

55.  Defendant, answering paragraph 89, repeats and realleges all of her responses with full force and effect as fully set forth herein.

56.     Denies the allegations contained in paragraphs 90 and 91 of the Complaint.

## ANSWERING THE FOURTEENTH CLAIM

57.     Defendant, answering paragraph 92, repeats and realleges all of her responses with full force and effect as fully set forth herein.

58.     Denies the allegations contained in paragraphs 93, 94, 95, 96, 97 and 98 of the Complaint as they may relate to Defendant Neve.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

59.     The Complaint fails to state a claim against Defendant Neve upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

60.     Any injury alleged to have been sustained results from Plaintiff's own culpable of negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of Defendant Neve.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

61.     There was reasonable suspicion, probable cause, exigent circumstances, and/or consent for any alleged stop and/or search.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

62.     There was probable cause for Plaintiff's detention, arrest and prosecution.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

63.     Defendant Neve has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

64.     Defendant Neve has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, is protected by qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

65.     To the extent Plaintiff purports to bring any state law claims, Plaintiff failed to comply with New York General Municipal Law §§50(e) and/or 50(i).

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

66.     To the extent Plaintiff purports to bring any state law claims, Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

67.     To the extent Plaintiff purports to bring any state law claims, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

68.     At all times relevant to the acts alleged in the Complaint, Defendant Sasha Neve acted reasonably and in the proper and lawful exercise of her discretion.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

69.     Plaintiff has failed to mitigate his alleged damages.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

70.     Upon information and belief, the injuries or damages alleged in the Complaint may have been caused in whole or in part by the parties now or hereafter to be named as co-defendants or third-party defendants. Accordingly, the liability of Detective Neve is, or may be limited, pursuant to the provisions of Article 16 of the CPLR.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

71.    That any sums of consideration paid or promised to Plaintiff by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleges in the Complaint shall reduce any judgment rendered in favor of Plaintiff against Detective Neve to the extent of the greater of either the sums or consideration paid or promised to Plaintiff or the amount of the released tortfeasor's(s') equitable share(s) of the damages in accordance with General Obligation Law §15-108, et. seq.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

72.    If the Plaintiff was caused damages as alleged in the Plaintiff's Complaint, due to any culpable conduct other than Plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of Defendant, The City of New York, its agents or employees.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT CITY OF NEW YORK

73.    If it is determined that Detective Sasha Neve was acting under the color of law, then all of the acts of Detective Neve were performed within the scope of her duties and within the scope of her employment as a New York City Police Officer, and any liability to Plaintiff must be assumed by his employer, the Defendant, The City of New York, pursuant to the principle of *respondeat superior.*

74.    Pursuant to this principle of law, if the Plaintiff recovers any judgment against Detective Neve, then said Defendant is entitled to recover the amount of such judgment from Defendant, The City of New York.

AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT
CITY OF NEW YORK

75.     If it is determined that Detective Sasha Neve was acting under the color of law,

then all of the actions of Detective Neve were performed within the performance of her duties

and within the scope of her employment as a New York City Police Officer, and any liability to

the Plaintiff must be assumed by Defendant, The City of New York, pursuant to NYS General

Municipal Law §50-K.

76.     Any damages sustained by the Plaintiff at the time or place mentioned in the

Plaintiff's complaint are embraced within the provisions of NYS General Municipal Law §50-K.

77.     Pursuant to this provision of NYS General Municipal Law §50-K, if the Plaintiff

recovers any judgment against Detective Neve, then the answering Defendant is entitled to

recover the amount of such judgment from the Defendant, The City of New York.

**WHEREFORE**, Defendant Sasha Neve requests judgment dismissing the Complaint in

its entirety, together with the costs and disbursements of this action, granting Defendant Neve's

cross-claims, and for such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        October 7, 2016

**KARASYK & MOSCHELLA, LLP**
*Attorneys for Defendant, Sasha Neve*
233 Broadway, Suite 2340
New York, New York 10279
Tel: (212) 233-3800

JAMES M. MOSCHELLA

TO:    Gabriel Harvis, Esq.
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007

Zachary W. Carter, Esq.
Corporation Counsel of the City of New York
*Attorney for Defendant, City of New York*
100 Church Street
New York, NY 10007

John Arlia, Esq.
Wenger & Arlia, Esqs. LLP
*Attorney for Defendant, Kevin Desormeau*
20 Vesey Street, Suite 210
New York, NY 10007