

# KARASYK & MOSCHELLA, LLP
## COUNSELLORS AT LAW

PHILIP KARASYK

JAMES M. MOSCHELLA

ADAM R. ETMAN

MICHAEL LACONDI

OF COUNSEL

ELLIOT M. RUDICK

SHIVA BAHMANI

ALAN SERRINS

ERIC RICHMAN

BARRY WASHOR

MELODI KINSELLA

March 17, 2017

Via Electronic Case Filing
Magistrate Judge Vera M. Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Roosevelt McCoy v. Sasha Neve, et al., 16 Civ. 1636 (AMD) (VMS)
     Motion for a Stay of Proceedings

Your Honor:

    We are the attorneys for defendant, Sasha Neve, in the above-referenced matter. We are writing to provide the Court an update as to the status of the parallel criminal proceeding in this matter, as well as to respectfully move for a stay of this proceeding given that parallel criminal proceeding. Counsel for defendant, Kevin Desormeau, joins in this application as well.

    On or about March 6, 2017, Detectives Neve and Desormeau were indicted by a Queens County Grand Jury and charged with among other charges, Perjury and Official Misconduct, arising out of the same event that is at issue in this action. That proceeding is now pending in Supreme Court, Queens County. We specifically request a stay because of this now pending criminal proceeding against Detectives Neve and Desormeau pertaining to their arrest of Roosevelt McCoy, the very same transaction at issue in this civil case.

    There are several reasons why the Defendant Detectives seek a stay of this case until the criminal proceeding arising from the same event is concluded. Defendants contend that should a stay of the instant civil rights action not be granted, it will result in significant prejudice to Defendants. It is well-settled that federal courts have inherent power and discretionary authority to stay a case if the interests of justice so requires. See United States v. Kordel, 297 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Volmar Distributors, Inc. v. The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993); Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985). District Courts routinely exercise this discretionary power when confronted with

the concurrent pendency of civil and criminal proceedings involving the same or related subject matter. Kashi v. Gratsos, 790 F.2d at 1057 (citing SEC v. Dresser Industries, 638 F.2d 1369, 1375 (D.C. Cir) (en banc), cert. denied, 449 U.S. 993 (1980)) (holding that although "the Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings ... a court may decide in its discretion to stay civil proceedings"); Estes-El v. Long Island Jewish Medical Center, 916 F. Supp. 268,269 (S.D.N.Y. 1995) ("It is well settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.")

The presence of concurrent civil and criminal proceedings related to the same subject matter weighs heavily in favor of granting a civil stay. Volmar Distributors, 152 F.R.D. at 39; Brock, 109 F.R.D. at 119. In fact, when deciding whether a civil action should be stayed in the context of concurrent civil and criminal proceedings, "the most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues." Parallel Civil and Criminal Proceedings, 129 F.R.D. 201,203 (Senior Judge Pollack, S.D.N.Y.). In the instant case, the Detectives have been indicted for the exact transaction about which plaintiff is complaining. Accordingly, as is set forth more fully below, a stay of the instant civil rights action at this juncture is both necessary and appropriate to avoid unduly prejudicing defendants.

Unless and until the conclusion of the criminal case, Defendants would have no alternative but to invoke their Fifth Amendment rights against self-incrimination in this case. In staying civil proceedings, Courts reason that denying a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in criminal procedure rules, expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case. See In re Par Pharmaceutical, Inc., 133 F.R.D. 12, 13 (S.D.N.Y. 1990) (citing Dresser Industries, 628 F.2d at 1376; Brock, 109 F.R.D. at 119). Because the criminal proceeding against the Detectives arises from the same incident, and thus involves the same facts and subject matter as the present lawsuit, the possibility that they will invoke the Fifth Amendment is substantial, and frankly, guaranteed.

Furthermore, Defendants will be prejudiced absent access to the information compiled by the Queens District Attorney's Office's investigation into the circumstances surrounding the arrest of Roosevelt McCoy. The pendency of the Supreme Court prosecution will preclude defendants from accessing documents and records that are relevant to this case, including a video of the arrest. Defendant can neither adequately evaluate this case nor mount a defense in this action without first having access to this information, which we are certain the Queens District Attorney will not release until a trial of the criminal case, after the criminal proceedings are completed. Similarly, the fact that the prosecution is presently ongoing has prevented, and will continue to prevent, all the parties, including plaintiffs, from accessing the relevant video documents and witnesses. Accordingly, a stay pending the conclusion of the criminal proceeding against Detectives Neve and Desormeau should be granted.

For the reasons stated herein, Defendants respectfully request that the Court stay this action until any criminal proceedings have concluded.

We thank the Court for its time and consideration of this matter.

                                        Respectfully submitted,

                                        KARASYK & MOSCHELLA, LLP

                                        JAMES M. MOSCHELLA

CC (via ECF): All counsel

W:\IRODRIG\MOSCHELLA\Neve, Sasha\ltrJudgeScanlon5.wpd

Case 1:16-cv-01636-AMD-VMS   Document 66   Filed 03/17/17   Page 3 of 3 PageID #: 356

For the reasons stated herein, Defendants respectfully request that the Court stay this action until any criminal proceedings have concluded.

We thank the Court for its time and consideration of this matter.

                                        Respectfully submitted,

                                      KARASYK & MOSCHELLA, LLP

                                      JAMES M. MOSCHELLA

CC (via ECF):  All counsel

W:\IRODRIG\MOSCHELLA\Neve, Sasha\ltrJudgeScanlon5.wpd